**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BUDDY RANDOLPH, | : | |
| | : | Civil Action No. 08-69 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ADMINISTRATOR LYDELL SHERRER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

> BUDDY RANDOLPH, Plaintiff <u>Pro Se</u>
> # 437920/223851C
> South Woods State Prison
> 215 South Burlington Road
> Bridgeton, New Jersey 08320

**HOCHBERG**, District Judge

Plaintiff Buddy Randolph, currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff submitted his Complaint with a complete application to proceed <u>in forma pauperis</u> ("IFP") with his six-month prison account statement.  It appearing that plaintiff qualifies to proceed <u>in forma pauperis</u>, based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed as an indigent and will

direct the Clerk of the Court to file the Complaint without prepayment of fees.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint is time-barred and subject to dismissal. Accordingly, the Court will issue an Order to Show Cause directing plaintiff to show cause in writing why his Complaint should not be dismissed as time-barred.

I.   BACKGROUND

The Complaint names the following defendants: Administrator Lydell Sherrer at Northern State Prison ("NSP"); Lt. Marks; Sgt. D. Daye; Sgt. Hastkins; CO B. Montalvo; CO Falco; and John Doe S.I.D. Investigators (Internal Affairs), all defendants employed at NSP.  (Complaint, Caption and ¶¶ 4b, 4c).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on October 28, 2004, he was housed in the Security Threat Group Unit ("STGU") at NSP.  On that day, Randolph witnessed correctional staff beating, macing, kicking,

and pulling the hair of another inmate (Jessie Terrell), who was confined in the cell next to plaintiff.  When Randolph yelled for the officers to stop, they made plaintiff step out of his cell and face the wall with his back to the officers. Randolph stood like this for a few minutes until the S.I.D. investigators arrived, with cameras, because they had been told that plaintiff and inmate Terrell had refused to "lock into [their] cell[s]." (Complaint, "Statement of Claims" at pg. 7).

    Once the S.I.D. investigators arrived, Randolph alleges that the officers proceeded to subdue plaintiff with "unnecessary aggression."  They cuffed plaintiff's hands and feet, sprayed him with mace, and repeatedly punched plaintiff all over his entire body.  They also squeezed plaintiff's testicles, banged plaintiff's head on the floor, and dug their fingers into his eyes without provocation.  Plaintiff cried out for help and relief, but was ignored.  He also was punched in the face when he objected to the aggressive treatment.

    Plaintiff was then taken to the showers to wash off the mace.  When he called for help again, the officers rammed plaintiff's body into the shower wall, choked, and slapped plaintiff in the face.  Afterwards, Randolph was returned to his cell.  Randolph was charged with a disciplinary infraction (tampering with a locking device).  However, he learned that

defendant C.O. Montalvo had been suspended for misconduct that had been captured on the video camera.

On January 19, 2005, Channel 5 (Fox News) aired video footage of the correctional staff at NSP abusing prisoners. It was learned that the video had been taken from plaintiff's cell, so Randolph was immediately transferred to New Jersey State Prison ("NJSP") for security reasons and for his protection. At NJSP, plaintiff claims that he was denied food and showers for two weeks. He became depressed and was placed on a suicide watch, where he remained until June 2005. Randolph was then transferred back to NSP.

On June 16, 2005, Sgt. Hastkins (one of the officers on the videotape for beating inmates at NSP), pointed his finger at plaintiff, said "Bang, bang," and pointed to the badge on his shirt. Hastkins then said, "Nobody is bigger than this! Laugh now, cry later."

As a result of this threat, plaintiff claims he did not eat in fear that his food was poisoned. On July 7, 2005, Randolph collapsed and was taken to the hospital. On his return to NSP, plaintiff was placed in protective custody.

Randolph asks that all defendants be held accountable for the assault and cover-up, and that he be compensated for his physical, mental and emotional pain and suffering.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

5

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

II.  **ANALYSIS**

It appears that Randolph may be asserting a claim of excessive force in violation of either the Fourteenth or Eighth Amendment.[1]  He alleges that the assault incident occurred on

---

[1] It is not apparent from the Complaint whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged incident.  As a convicted prisoner, his excessive force claim would be analyzed under the Eighth Amendment's cruel and unusual punishment standard.  To prevail on an Eighth

7

October 28, 2004, more than three years ago. He also appears to allege that defendants have attempted to cover up the assault, which had been exposed by Channel 5 Fox News on January 19, 2005, more than two and a half years ago. Plaintiff did not bring this action until December 23, 2007.

The Court finds that any excessive force and related claims[2] now asserted by plaintiff are likely time-barred. A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be

---

Amendment excessive force claim under 42 U.S.C. § 1983, an inmate must show that defendants used force maliciously and sadistically for the very purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 8-10 (1992). Analysis of whether a pretrial detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). In Bell, the Supreme Court held that the proper inquiry is whether the conditions of confinement amount to punishment of the detainee. "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell, 441 U.S. at 535-539. Under either standard, it would appear that the facts of the Complaint, if true, may support a claim of excessive force.

[2] The allegations in the Complaint may be construed as asserting a failure to protect claim (some of the named defendant officers did not help plaintiff as he was being assaulted) and the common law tort claim of assault and battery. In addition, because Randolph names the NSP Administrator as a defendant, the Complaint may be construed as asserting a failure to supervise or train claim.

waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

    Federal courts look to state law to determine the limitations period for § 1983 actions. See Wallace v. Kato, 549 U.S. __, 127 S.Ct. 1091, 1094 (2007). Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury

actions.  See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

In most cases, "the limitations period begins to run from the time when plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). See also Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994)(a claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action"). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was

11

known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Here, the assault by the defendant correctional officers giving rise to the excessive force claim occurred on October 28, 2004. There is no question that plaintiff would have had actual knowledge of the injury that constitutes the basis of his excessive force claim. Thus, it would appear that his claim is now time-barred. This Complaint was submitted on December 23, 2007,[3] long after the two-year statute of limitations period had expired on October 28, 2006.

Nevertheless, at this preliminary juncture, rather than dismiss the case sua sponte, the Court will allow Plaintiff an opportunity to address the issue of timeliness.

---

[3] The Clerk's Office received the Complaint on January 7, 2008. Giving plaintiff the benefit of all inferences related to the date he filed his complaint, the Court finds that plaintiff "filed" his complaint on the date he handed them to prison officials to be mailed to the Court for filing. Since the Court cannot ascertain the exact date the papers were handed to a prison official for mailing, the Court will use the date that plaintiff signed his petition, December 23, 2007. See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).

## V. <u>CONCLUSION</u>

For the reasons expressed above, the Court will order Plaintiff to show cause in writing why this action should not be dismissed as time-barred.  An appropriate order follows.


                                                   /s/ Faith S. Hochberg
                                            United States District Judge

Dated:  January 25, 2008